UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR ENCARNACION-LAFONTAINE,

                    Movant,

-against-

UNITED STATES OF AMERICA,

                    Respondent.

24-CV-7235 (JSR)

13-CR-0030 (JSR)

TRANSFER ORDER

---

JED S. RAKOFF, United States District Judge:

      Movant Edgar Encarnacion-Lafontaine, who is currently held in immigration detention in the Moshannon Valley Immigration and Customs Enforcement ("ICE") Processing Center, in Philipsburg, Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255, seeking to challenge his judgment of conviction entered in *United States v. Encarnacion-Lafontaine*, No. 13-CR-0030 (S.D.N.Y. Apr. 9, 2015), *aff'd*, 639 F. App'x 710 (2d Cir. 2016).[1] For the reason set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      Court records show that Movant has filed a previous motion for relief under Section 2255 challenging the same judgment of conviction. *See Encarnacion-Lafontaine v. United States*, No. 20-CV-1170 (JSR) (SLC) (S.D.N.Y. Nov. 20, 2023). Because Movant's previous motion under

---

[1] In a judgment of conviction dated April 8, 2015, and entered the next day, the Court sentenced Encarnacion-Lafontaine to an aggregate prison term of 180 months, to be followed by an aggregate supervised-release term of five years. *Id.* Records maintained by the Federal Bureau of Prisons ("BOP") show that Encarnacion-Lafontaine was released from its custody on August 15, 2024. It appears that, subsequent to his release from BOP custody, he was taken into immigration-detention custody by ICE. Because Encarnacion-Lafontaine was sentenced to a post-incarceration supervised-release term of five years, it would appear that, at the time of filing on September 25, 2024, he was serving his aggregate term of supervised release, and therefore, he was "in custody" for the purposes of Section 2255. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994).

Section 2255 was decided on the merits, this application is a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Before a second or successive Section 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2] Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Second Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this motion under § 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Encarnacion-Lafontaine to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] Movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
    New York, New York
    10/3/25

_____
JED S. RAKOFF
United States District Judge